UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

CESAR ADAMES CHARNECO,  \*
\*
Plaintiff  \*
\*
v.  \*   Civ. No. 98-1111 (PG)
\*
PEDRO TOLEDO DAVILA, ET AL.,  \*
\*
Defendants  \*
\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## OPINION & ORDER

Pending before this Court is Defendants Pedro Toledo Dávila and Juan P. Rodríguez Valentín's Motion to Dismiss Pursuant to Rule 12(b). (Dkt. 18) Defendants list three grounds in support of their motion for dismissal: (1) the case is time-barred; (2) Plaintiffs have failed to state a claim under 42 U.S.C. § 1983; and (3) in regards to Toledo, there is no supervisor liability. Because Plaintiffs' case is time-barred, the Court does not reach the second or third grounds listed by Defendants.

## FACTS

In the wee hours of February 2, 1997, officers of the San Juan Police Department arrested co-plaintiffs César and Alejandro Adames Nieves. Co-plaintiffs César Adames Charneco and Evelyn Báez Rosado were nearby and witnessed the arrest.[1] At some point during the arrest, Adames Charneco and Báez Rosado approached the officers to inquire the reason for the arrest. According to Plaintiffs, the officers proceeded to "brutally, savagely unwarrantedly physically attack all plaintiffs with their night sticks, bare hands, fists, boots, and everything available to them." (Dkt. 16)

---

[1] César and Alejandro Adames Nieves are the sons of César Adames Charneco and Evelyn Báez Rosado, who are husband and wife.



98-1111 (PG) 2

Plaintiffs then were criminally prosecuted "without any legal basis … in violation of Plaintiffs' civil rights." (Dkt. 16) At a preliminary hearing, held on February 6, 1997, no probable cause was found against Plaintiffs. Undeterred, Defendants sought an appeal for the preliminary hearing findings. On April 9, 1999 the Honorable Miguel Rivera Arroyo affirmed the finding of no probable cause. This case followed.

## CASE HISTORY

Plaintiffs filed their complaint on February 6, 1998. (Dkt. 1) The above mentioned Defendants filed a Motion to Dismiss Pursuant to Rule 12(b) on February 8, 1999. (Dkt. 9) On May 24, 1999, Plaintiffs responded to Defendants' Motion to Dismiss. (Dkt. 13) Following a motion to strike the response (Dkt. 14), the Court issued an opinion and order allowing Plaintiffs to amend the complaint in order to make clear that the action was not time-barred. (Dkt. 15) On July 20, 1999, Defendants again filed (the same) Motion to Dismiss Pursuant to Rule 12(b). (Dkt. 18) Plaintiffs failed to respond to Defendants latest motion.

## DISCUSSION

The Court agrees with Defendants contention that the present action is time-barred.

"For section 1983 actions, federal law governs the date on which a cause of action accrues (i.e., when the statute begins to run) while the length of the period and tolling doctrine are taken from local law. The Puerto Rico statute provides a one-year period for tort actions." *Rivera-Ramos v. Roman*, 156 F.3d 276, 282-283 (1st Cir. 1998) (citing *Torres v. Superintendent of Police of P.R.*, 893 F.2d 404, 406-07 (1st Cir. 1990)); see P.R. LAWS ANN. tit. 31, § 5298 (1994); *Owens v. Okure*, 488 U.S. 235 [] (1989); *Wilson v. Garcia*, 471 U.S. 261, 271-280 [] (1985); *Carreras-Rosa v. Alves-Cruz*, 127 F.3d 172, 174 (1997). In other words, Plaintiffs are required to bring a § 1983 claim within "365 days, or 366 days in a leap year" one day after the time their cause of action accrued under federal law.

*Ramos v. Roman*, 83 F. Supp. 2d 233, 238 (D.P.R. 2000). This is so because § 1983 "does not contain

98-1111 (PG)                                                                 3

a built-in statute of limitations. Therefore, in processing such actions, federal courts must borrow a limitation period from state law. *See Wilson v. Garcia*, 471 U.S. 261 [] (1984); *see also Morris v. The Gov't Dev't Bank of P.R.*, 27 F.3d 746, 748 (1st Cir. 1994)." *Rivera Ramos, et al. v. Roman*, Civil No. 93-2416 (DRD), 1997 U.S. Dist. LEXIS 14705 (D.P.R. August 29, 1997), *remanded*, 156 F.3d 276 (1st Cir. 1998). Therefore, "[u]nder the federal rule, accrual commences when a plaintiff knows, or has reason to know, of the discriminatory act that underpins his cause of action." *Morris*, 27 F.3d at 748. "The one-year accrual date begins running one day after the date of accrual." *Benitez-Pons v. Commonwealth of P.R.*, 136 F.3d 54, 59 (1st Cir. 1998).

In this case, Plaintiffs knew or had reason to know of the discriminatory acts on February 2, 1997. Plaintiffs did not file the complaint in this case until February 6, 1998, or three hundred and sixty-nine (369) days after the accrual date and outside of the statute of limitations. Therefore, Plaintiffs' action against these two Defendants is time-barred and the case is DISMISSED. Having so determined, the Court refrains from examining Defendants other grounds for dismissal.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, April _5_, 2000.

                                                        JUAN M. PEREZ-GIMENEZ
                                                        U.S. District Judge